UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Estate of Jose R. Riopedre, by and through Fernando Mendez; and Susana Mendez,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America, Mildred L. Rivera; Robert Binford; James Solvik; Chris Orr; Raganold Williams; Richella Lawson; Richard Wallace; Paul Sneed; Gregory Bondurant; John J. Enzinna; Dr. Derick Phillips; Stephen Buckler; Pam Weathers; Christopher Bush; C. Wiggins; John Does 1-8; individually and in their individual capacities<br><br>Defendants.<br>_____ | Civil Action No. 8:12-2806-BHH<br><br><br><br><br><br>**OPINION AND ORDER** |

The estate of Jose Riopedre ("Riopedre") and his wife, Susana Mendez, (collectively "the plaintiffs") bring this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging a claim for loss of consortium, love, companionship, and familial association and a claim for wrongful death under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671–2680. (Third Am. Complaint, ECF No. 40.) Riopedre was a federal prisoner in who died after hanging himself on October 31, 2009, while incarcerated in the Special Housing Unit ("SHU") at the Estill Federal Corrections Institution ("Estill") in Estill, South Carolina. This matter is before the court for review of the Report and Recommendation of United

States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

## BACKGROUND

The Court has reviewed the record and finds that the relevant facts are sufficiently summarized in the Magistrate Judge's Report and Recommendation. Where additional facts are relevant, they will be incorporated directly into the Court's analysis. On November 27, 2013, the defendants filed a motion (ECF No. 88) seeking summary judgment. Magistrate Judge Austin submitted a Report and Recommendation (the "Report") (ECF No. 108) on July 3, 2014. Magistrate Judge Austin recommends that the defendants' motion for summary judgment be granted as to the plaintiffs' First, Fifth and Fourteenth Amendment claims under *Bivens*, be denied with respect to the plaintiffs' Eighth Amendment claim against the defendants in their individual capacities under *Bivens*, and be denied with respect to the plaintiffs' FTCA claim. (ECF No. 108.) Both the defendants and the plaintiffs filed objections to the Report (ECF No. 112 (plaintiffs) and ECF No. 111 (defendants)).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation (the "Report") to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with

instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### **Summary Judgment**

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## DISCUSSION

### The Plaintiffs' Objections

The plaintiffs' object to the following findings:

(a) the Court's determination that Riopedre's Eighth Amendment rights were not violated by his placement in SHU,

(b) the Court's determination that Riopedre's ability to stockpile the socks that killed him, did not rise to constitutional violations, and

(c) the Court's determination that defendants Sneed, Wiggins, Bondurant, and Rivera's actions were insufficient to show constructive or actual knowledge that the actions taken gave rise to conduct that posed a "pervasive and unreasonable risk for injury" to Riopedre's life.

The plaintiffs' objection does not direct the Court to any facts or authority that undermine the Magistrate Judge's analysis on these points, and the Court has not found such facts or authority in its *de novo* review of the record. The Court agrees with the Magistrate Judge that summary judgment is appropriate on these claims for the reasons set forth in the Report. Accordingly, the plaintiffs' objections are overruled.

### The Defendants' Objections

The defendants object to the Magistrate Judge's recommendation that the Court deny the defendants' motion for summary judgment with regard to the plaintiffs' Eighth Amendment claim against the defendants in their individual capacities and with regard to their FTCA claim. The Magistrate Judge found that the plaintiffs have raised a genuine issue of material fact regarding whether the defendants acted with deliberate indifference to Riopedre's mental health and medical needs based on their alleged

4

failure to address his risk of suicide and to render timely aid after he was discovered hanging in his cell.

The defendants object to the Magistrate Judge's findings regarding Riopedre's suicide risk, directing the Court to the Eleventh Circuit's observation that

> [i]n the absence of a previous threat of or an earlier attempt at suicide, we know of no federal court in the nation . . . that has concluded that official conduct in failing to prevent a suicide constitutes deliberate indifference.

Edwards v. Gilbert, 867 F.2d 1271 (11th Cir. 1989). The Fourth Circuit cited this language in *Gordon v. Kidd*, 971 F.2d 1087 (4th Cir. 1992) and *Hearn v. Lancaster Cnty.*, 566 F. App'x 231(4th Cir. 2014), and the defendants argue that it is dispositive of this matter.

The Court agrees with the Magistrate Judge that there are genuine issues of material fact regarding what prison officials knew and believed about Riopedre. On the one hand, the defendants point to the testimony of prison officials who claim that they were never told that Riopedre was suicidal, that Riopedre denied suicidal ideation, and that Riopedre affirmatively chose to discontinue his medication. On the other hand, the plaintiffs point out that Riopedre had a known history of depression, had recently discontinued Paxil,[1] had been placed in the SHU,[2] had lost approximately thirty pounds in one month, and had, at the very least, conveyed to his wife that he was despondent. Riopedre's wife, in turn, contacted her congressional representative, who opened an inquiry regarding why Riopedre was placed in the SHU. Moreover, the plaintiffs have

---

[1] Increased suicidal ideation is a known risk for people discontinuing the use of SSRIs like Paxil.
[2] Prison officials acknowledge that placement in SHU carries with it an increased risk of mental health problems, which is why the prison allegedly requires inmates in SHU to be regularly screened for mental health issues.

alleged that Riopedre did not speak English well, so he may have had a difficult time communicating with prison officials.

The defendants seem to be suggesting that unless medical records show or prison officials admit that a prisoner has threatened or attempted suicide, the officials are entitled to summary judgment on a claim for deliberate indifference. While the Court agrees with the defendants that the plaintiffs bear a heavy burden to establish deliberate indifference, an admission from the defendants is not the only way to make the requisite showing. A plaintiff may demonstrate that a reasonable officer knew of a particular risk because the risk was readily apparent. *See Hearn*, 566 F. App'x at 236 ("Although it is not enough that a reasonable officer *would have* found the risk to be obvious, a factfinder may conclude that an officer knew of a substantial risk from the very fact that the risk was obvious.") (citations and quotation marks omitted)). Furthermore, "an official cannot escape liability . . . if . . . he merely refused to verify underlying facts that he strongly suspected to be true, which, if verified, would have compelled him to realize that the claimant needed immediate medical attention . . . ." *Id.* (citations and quotation marks omitted).

Based on the authority discussed above, the Court rejects the defendants' argument that their evidence denying knowledge of prior suicide attempts or threats coupled with the language of *Edwards* is dispositive of this case. The authority cited by the defendants is duly noted, and the Court will not hesitate to direct a verdict for the defendants should the plaintiffs fail to make the requisite showing at trial. However, construing the facts in the light most favorable to the plaintiffs, the Court agrees with the Magistrate Judge that the plaintiffs have presented sufficient evidence to raise a

genuine issue of material fact regarding what the defendants knew and believed about Riopedre's mental health and risk of suicide.

The Court also agrees with the Magistrate Judge that the plaintiffs have presented sufficient evidence to withstand a motion for summary judgment on their deliberate indifference claims based on the defendants' alleged failure to render aid once it was reported that Riopedre was in distress.  The fact that all of the defendants have consistently testified that they responded quickly upon being notified that there was an emergency involving Riopedre does not preclude the existence of a genuine issue of material fact or negate the conclusion of the Magistrate Judge.  Prison records show that Riopedre's cellmate called for help and indicated that Riopedre was in distress as early as 6:18 a.m. on October 31, 2009, but that medical personnel were not called until 6:48 a.m.  Thus, the plaintiffs have presented evidence from which a reasonable jury could conclude that Riopedre was left hanging for up to thirty minutes before medical personnel were summoned.  The defendants have explained that they believe that the delay reflected in their records is attributable to inaccurate clocks, and that it did not take them up to a half-an-hour to dispatch medical personnel.  While this explanation can certainly be presented to a jury, it does not warrant summary judgment.

The defendants also argue that they are entitled to summary judgment because it cannot be known whether Riopedre was still alive at the time his cellmate called for help, and therefore the plaintiffs' deliberate indifference claim is speculative and conclusory.  Again, this is a factual question that is reserved for a jury.  The possibility that Riopedre was dead before help was summoned is not enough for this Court to grant summary judgment.

7

The Court concludes that the plaintiffs have also presented sufficient evidence to withstand summary judgment on their FTCA claims.  As the Magistrate Judge correctly observed, the evidence that allows the plaintiffs to survive summary judgment with regard to their deliberate indifference claims also supports the FTCA claims, and the standard for establishing negligence under the FTCA is less stringent than the standard for deliberate indifference.

Finally, the defendants object to the Magistrate Judge's treatment of the FTCA claim as a claim for negligence as opposed to a claim for medical malpractice.  On June 6, 2014, Magistrate Judge Austin entered a "Text Order to Show Cause" (ECF No. 99) in which she instructed the plaintiffs to brief the issue of why their third cause of action for wrongful death under the FTCA should not be dismissed for failure to comply with the requirements of S.C. Code 15-36-100, which requires an expert affidavit to be submitted with the complaint.  Courts within this district have found the requirements of § 15–36–100 to be substantive, not merely procedural, and have thus held that the requirements apply to actions brought in this Court, *see Rotureau v. Chaplin*, 2009 WL 5195968, at *6 (D.S.C. Dec. 21, 2009), including actions filed pursuant to the FTCA, *see, e.g., Burris v. United States*, 2014 WL 6388497, at *2 (D.S.C. Nov. 14, 2014).

The plaintiffs filed a response in which they argued that their FTCA claim seeks damages for the defendants' failure to respond and failure to prevent Riopedre from possessing the contraband used in the suicide and not for medical malpractice.  The plaintiffs further indicated that "[t]o the extent that there were other FTCA theories in the case that arguably might implicate S.C. Code. 15-30-100, they have been abandoned, and are not implicated by the Opposition to the Summary Judgment Motion." (ECF No.

101 at 1.) Furthermore, the plaintiffs explain that the administrative tort claims that were submitted to the Federal Bureau of Prisons were attached to the complaint (ECF No. 40-1) and incorporated by reference in ¶ 155. These claims included allegations of negligence for "[f]ailing to promptly respond when alerted to his actual suicide attempt by his cell mate." (ECF No. 101 at 1.) The plaintiffs thus allege that their FTCA claim is not based on allegations of medical malpractice and does not require compliance with S.C. Code 15-30-100. The plaintiffs requested that if the Court were to construe the FTCA claim as one for medical malpractice, they be given the opportunity to amend their complaint.

The Magistrate Judge indicated in her Report and Recommendation that she was analyzing the FTCA claim as a negligence claim only. The defendants' objection emphasizes that the plaintiffs' FTCA cause of action, as it is set forth in the actual complaint, clearly asserts claims for medical malpractice. (*See* ECF No. 111 at 11 ("[T]he [p]laintiffs' claim under the FTCA for wrongful death [as set forth in ¶¶ 143 – 159] contains an affirmative pleading of a breach of the standard of care by physicians and nursing staff only.").) While the parties do not address the issue directly, the relevant disagreement appears to be whether the Court should consider the allegations of the administrative tort claims as a part of the plaintiffs' third cause of action. The plaintiffs' decision to incorporate these allegations by reference makes for a confusing complaint; however, the Court ultimately agrees with the Magistrate Judge's decision to construe the FTCA claims as alleging only negligence against non-medical personnel, and to treat any allegations of medical malpractice as having been waived by the plaintiffs. The Magistrate Judge could have granted the plaintiffs leave to amend their complaint,

but was understandably hesitant to do so in light of the age of this case and the fact that the plaintiffs are now on their third amended complaint. The defendants' objection is thus overruled.

## CONCLUSION

Having conducted a *de* novo review of the record in this case, the Court agrees with the thorough and well-reasoned analysis of the Magistrate Judge. The parties' objections are overruled, and the Report is adopted and incorporated herein by reference. Accordingly, the defendants' motion for summary judgment is granted with respect to the plaintiffs' First, Fifth, and Fourteenth Amendment claims under *Bivens;* denied with respect to the plaintiffs' Eighth Amendment claim against the defendants in their individual capacities under *Bivens*; and denied with respect to the plaintiffs' FTCA claim.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

February 6, 2015
Greenville, South Carolina